PER CURIAM.
Ten years after a plea of guilty, the defendant appeals the denial of his 3.800 motion. He claims his five-year probationary sentence for his Failure of Defendant on Bail To Appear conviction was illegal. This charge is a third-degree felony if the defendant has failed to appear on felony charges; however, it is only a first-degree misdemeanor if the defendant has failed to appear on misdemeanor charges. The defendant claims he was sentenced under the misdemeanor subsection, section 843.15(l)(b), Florida Statutes, not the felony subsection, section 843.15(l)(a), Florida Statutes. He says that although the underlying charges were aggravated assault and battery he was only convicted of misdemeanors. He misreads the statute. Even if he wasn’t convicted of felonies and later pled the offenses down to misdemeanors, he was charged with felonies, and he is governed by section 843.15(l)(a), which states: “If he was released in connection with a charge of felony or while awaiting sentence ... [he is] guilty of a felony of the third degree....”
While he was properly convicted of the felony charge, there is a typographical error in the record. The judgment properly states he entered a plea of guilty to “Failure To Appear” under “843.15(l)(a)>” a “3F” crime. However, the probation documents are incorrect. Both the “Order Withholding Adjudication of Guilt and Placing Defendant on Probation” and the “Order of Modification of Probation” state that he pled guilty to section 843.15(l)(b), the misdemeanor subsection. Therefore, the typographical error in the probation orders which states that the defendant violated “843.15(l)(b)” is hereby changed to “843.15(l)(a).”
CONVICTION and SENTENCE AFFIRMED; PROBATION ORDERS CORRECTED.
DAUKSCH, HARRIS and ANTOON, JJ., concur.